# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANY ROJAS-VEGA,<br><br>                     Plaintiff,<br><br>  vs.<br><br>UNITED STATES CITIZENSHIP IMMIGRATION SERVICE, DEPARTMENT OF HOMELAND SECURITY, AND IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>                     Defendants. | CASE NO. 13-CV-172-LAB<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE DOCUMENTS ELECTRONICALLY;**<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE; AND**<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR IMPROPER VENUE** |

On January 22, 2013, Plaintiff Dany Rojas-Vega, proceeding *pro se*, filed this action seeking relief under the Freedom of Information Act (FOIA) and the Privacy Act against the United States Citizenship and Immigration Service (USCIS), the Immigration and Customs Enforcement (ICE), and ICE's Director, John Morton. Pending before the court is his petition to proceed *in forma pauperis* (IFP).

/ / /

/ / /

### I.   Background

This action results from Rojas-Vega's third FOIA request for a 1995 state court transcript, notes and memos related to that case, and the names and titles of the INS official involved. (Compl. at 6). Rojas-Vega first requested these items from the Immigration and Naturalization Service in June 2003, but never appealed to the district court. *Id*. He made a second request to the agency on September 12, 2008. He received a number of documents, though some were withheld. Rojas-Vega appealed these withholdings to the agency in August 2009, and then to this court in September 2009. *Rojas-Vega v. Cejka*, 2010 WL 1541369 (S.D. Cal. 2011). This court dismissed that case *sua sponte* for failure to state a claim for which relief can be granted. *Id.* at *4–5. After four amended complaints, Rojas-Vega failed to correct this defect, and the complaint was dismissed without leave to amend. *Rojas-Vega v. Cejka*, 2011 WL 2417130, *2–3 (S.D. Cal. 2011).

Rojas-Vega's third request, the subject of this action, was submitted to USCIS on May 21, 2012, for the same documents previously requested. (Compl. at 6). He alleges the agency released 2,054 documents, but withheld 21 pages on September 19, 2012, and that he appealed the withholding of those documents to the agency on September 20, 2012, on the basis that the documents he received are not what he requested. (Compl. at 9). Though unclear as to the exact date, it appears he received a response from the agency in October or November 2012 releasing an additional 26 documents, but affirming the withholding 79 documents in part, and 21 in full. (Compl. at 10).

### II.   Motion to Proceed IFP

Rojas Vega's affidavit states he has been unemployed for over a year, he has no source of income, and he has few assets, consisting of two laptops and a printer. His monthly obligations include maintaining these resources and paying for health insurance and internet. He relies on his parents to maintain his obligations and livelihood. The court finds Rojas-Vega is unable to pay the filing fee; therefore, his motion to proceed IFP is **GRANTED**.

When a plaintiff is permitted to proceed IFP, the Court is required to screen the complaint, and to dismiss it to the extent it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122,

1127 (9th Cir. 2000) (en banc). The standard for whether the plaintiff failed to state a claim upon which relief may be granted under section 1915(e)(2)(B) is the same standard applied for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Under that standard, the complaint must allege enough facts that, if true, state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, the court will assume the facts, but not the legal conclusions, to be true. *Id.* at 679. The Court will construe a *pro se* plaintiff's pleadings liberally, but will not supply elements of the claim that were not pleaded. *See Byrd v. Maricopa County Sherriff's Dept.*, 629 F.3d 1135, 1140 (9th Cir. 2011).

### A. FOIA Claim

Rojas-Vega's FOIA claim suffers from several defects. To make out a claim under FOIA, the plaintiff must allege that the defendant improperly withheld agency records. *Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 689 (9th Cir. 2012). First, Rojas-Vega fails allege facts supporting that the state court transcripts he requested are "agency records." Documents are "agency records" if they are (1) generated or obtained by the agency, and (2) within the agency's possession through the legitimate function of official duties. *See U.S. Dept. of Justice v. Tax Analysts*, 492 U.S. 136, 144–7 (1989). But Rojas –Vega alleges no facts giving rise to a plausible claim that USCIS obtained the state court transcripts, or maintained them in the legitimate conduct of official business. He seems to suggest that USCIS obtained the state court transcript through its involvement in his previous criminal proceeding. However, this is more a conclusion that the agency has the record, without any supporting facts to suggest it is plausible.

Second, Rojas-Vega seeks "names and titles" of individuals involved in the previous state court proceeding. But FOIA does not allow for requests for "information in the abstract." *Forsham v. Harris*, 445 U.S. 169, 185 (1980). Further, he cannot maintain a FOIA claim against the Director of ICE, John Morton, in his individual capacity because FOIA does not apply to individuals.[1] *See Drake v. Obama*, 664 F.3d 774, 785 (9th Cir. 2011).

///

---

[1] Because none of Rojas-Vega's individual claims include USCIS Director John Morton, the court addresses this issue under the possibility that Rojas-Vega is making a FOIA claim against Mr. Morton.

### B. Privacy Act Claim

Rojas-Vega's Privacy Act claim also fails to state a claim. Under the Privacy act, an individual may bring against a federal agency to gain access to records pertaining to the individual that the agency wrongfully withheld. 5 U.S.C. § 552a(g)(1)(B). However, the Privacy Act only affords this right to citizens and non-citizens lawfully admitted for residence. *See St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1373 (9th Cir. 1981). Because Rojas-Vega does not fit into either of these categories, he cannot seek relief under the Privacy Act.

### III. Venue

The Court may raise the issue of defective venue *sua sponte*. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir.1986). There are no facts in the complaint that suggest venue is proper here. Under FOIA, venue is proper in the district in which the plaintiff resides, the district where the records are maintained, or the District of Columbia. See *Arevalo-Franco v. U.S. I.N.S.*, 889 F.2d 589, 591 (5th Cir. 1989); 5 U.S.C. 552(a)(4)(B). As Rojas-Vega no longer resides in San Diego, venue is not proper here unless he alleges the records are kept within this district. Therefore, it appears venue may be improper in this District.

This is a particular concern because, as a plaintiff proceeding IFP, Rojas-Vega is entitled to have the U.S. Marshals serve Defendants with process. Serving Defendants in distant locations involves needless difficulty and strains public resources, assuming it is even possible.

### IV. Motion for Leave to File Papers Electronically

Rojas-Vega has filed a motion for leave to file documents electronically in this District's CM/ECF system. In this District, attorneys must ordinarily file electronically, but *pro se* litigants, such as Rojas-Vega, must ordinarily file pleadings in paper form. If they wish to file electronically, they must seek leave to do so. *See* Electronic Case Filing Administrative Policies and Procedures Manual, § 2(b). Because CM/ECF filing entails entering documents directly into the docket, the Court will not approve electronic filing unless a *pro se* litigant shows he is able to meet the system's technical requirements, which are posted on the Court's website. *See id.* at §§ 1(I) and 2(b). This requires, among other things, a showing that the litigant has adequate electronic equipment and software.

/ / /

Rojas-Vega's motion refers the Court to the complaint, which includes a request for leave to file electronically. The motion itself trails off in the middle of a paragraph.  The complaint (¶¶ 56–63) mentions the general type of equipment he has, and says he is attaching specifications, owner's manuals, and a statement from his internet service provider. In fact, they are not attached. The only exhibits that shows anything about the type of equipment or service he has are two receipts attached to his IFP motion, and an undated letter. The first receipt is an Office Depot receipt showing that he purchased an Acer computer May 29, 2008, and the second is a Wal-Mart receipt showing the purchase of a "laptop PC" for $378.00 in February, 2012. His hand-annotation identifies it as an "Acer Aspira." He doesn't explain any more than that, however. The letter is undated but notes a request for internet service during the month of November, 2012.

The Court cannot tell which computer Rojas-Vega currently owns or plans to use for electronic filing, whether either can run the required software, whether his internet service is adequate to handle filing requirements, or whether his scanner meets the system's technical specifications. Even if his equipment was adequate when he bought it, there is no assurance they are still adequate. For example, it may not now have adequate memory to run the updated software required for electronic filing. It is incumbent on Rojas-Vega to show he is able to file documents electronically, and reliably receive electronic notices, and his motion fails to do that.

### IV. Conclusion and Order

For reasons set forth above, Rojas-Vega's motion to proceed IFP is **GRANTED**. The complaint is **DISMISSED WITHOUT PREJUDICE**. The motion for leave to file papers electronically is **DENIED**.

Rojas-Vega is also **ORDERED TO SHOW CAUSE** why the complaint should not be dismissed for improper venue.  He may do so by filing a memorandum of points and authorities, not longer than five pages, not later than **July 15, 2013.**[2]  If Rojas-Vega agrees venue is improper, he need not do anything, and this action will be dismissed without prejudice to his filing it in the proper venue.

---

[2] The complaint says mail can take up to two weeks to reach Rojas-Vega in Costa Rica. The Court therefore has set this deadline so as to give him ample time to receive this order, consider and prepare his response, and mail it back in plenty of time to meet the filing deadline. The response only needs to address the venue issue.

If Rojas-Vega responds by attempting to show that venue is proper in this District, he must then file an amended complaint no later than **July 30, 2013**.  If he does not do so, the entire action will be dismissed with prejudice for failure to state a claim.

Finally, Rojas-Vega is reminded that the filing deadline is the date by which documents must be filed in the docket, not the deadline for mailing them. The Court has set deadlines with this in mind.

**IT IS SO ORDERED**.

DATED: May 30, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge